**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BRANDON L. JOHNSON, | |
| Plaintiff, | Civil Action No. 20-9935 (KMW) (MJS) |
| v. | **OPINION** |
| CAMDEN METRO POLICE, et al., | |
| Defendants. | |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Brandon L. Johnson's civil complaint. (ECF No. 1.) As Plaintiff has previously been granted *in forma pauperis* status in this matter (*see* ECF No. 3), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed.

## I.      BACKGROUND

Plaintiff is a state detainee currently confined in the Camden County Correctional Facility. (ECF No. 1 at 3-4.) On July 8, 2020, Plaintiff was "placed in handcuffs[,] arrested[,] and detained on 100 S. Broadway . . . at 11:42 a.m. in Camden." (*Id.* at 5.) Plaintiff asserts that this arrest occurred "without a crime being committed," but resulted in his being "formally accused" of an unspecified crime. (*Id.*) Plaintiff therefore seeks to raise claims for false arrest against the Camden Metro Police and Camden County Police Department pursuant to 42 U.S.C. § 1983. (*Id.*)

## II.   **LEGAL STANDARD**

Because Plaintiff has previously been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts

"merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6).  *Id.* (quoting *Twombly*, 555 U.S. at 557).  While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   **DISCUSSION**

In his complaint, Plaintiff seeks to raise claims for false arrest against the Camden Metro and Camden County Police Departments.  To state a claim for false arrest under § 1983, a plaintiff must plead that he was arrested without probable cause.  *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012).  Plaintiff's complaint, however, provides no factual background regarding his arrest, and does not contain any factual allegations which would suggest that police lacked probable cause to suspect that he committed a crime.  Plaintiff's bald assertion that he committed no crime is insufficient to state a claim for relief – the issue for the purposes of § 1983 is not Plaintiff's guilt or innocence, but whether the police had probable cause to suspect that he committed some crime.  As Plaintiff fails to provide factual allegations which suggest a lack of probable cause, his complaint must be dismissed without prejudice for failure to state a claim for which relief may be granted.[1]

---

[1] Although the Court need not reach the issue at this time as Plaintiff has failed to plead a plausible claim for relief, the Court also notes that the two named Defendants – both of which are municipal police departments – are not proper defendants in a federal civil rights action.  *See, e.g., Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016) (police departments are not "persons" subject to suit under § 1983 as they are not truly distinct from the municipality which operates them).  To the extent Plaintiff chooses to file an amended complaint, he should also name appropriate defendants other than the two police departments.

## IV.   <u>CONCLUSION</u>

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED**
**WITHOUT PREJUDICE** in its entirety.   An order consistent with this Opinion will be entered.


Hon. Karen M. Williams,
United States District Judge